GEORGE ADOLPH, RESPONDENT, *v.* COURTLANDT DE CEU AND OTHERS, APPELLANTS.

*Costs — allowance of, on appeals from judgments of a Justice's Court.*

APPEAL from an order made at a Special Term of the Superior Court of the city of Buffalo setting aside the clerk's taxation of costs in this action in favor of the defendants, and allowing to the plaintiff the sum specified as costs and disbursements in a judgment entered by him herein, 19th May, 1886. The appeal has been duly certified to this court.

The following facts appeared by the stipulation of the parties: Judgment was rendered in a Justice's Court in the city of Buffalo, 16th November, 1878, in favor of the plaintiff against the defendants for $200 damages and five dollars and twenty-eight cents costs. The complaint in the Justice's Court alleged that defendants were indebted to plaintiff for whisky barrels sold to, and cash paid for, defendants, and demanded judgment for $200. The answer was a denial only. The defendants appealed from the judgment to the Superior Court for a new trial, alleging certain grounds of appeal, and stating that the judgment should have been more favorable to defendants, in that it should have been in favor of plaintiff for thirty dollars instead of $200. On 10th December, 1878, an offer to modify the judgment so as to reduce the recovery to $150 was made by the plaintiff, but it was not accepted. February 14, 1879, the appellants obtained an order in the Superior Court giving them leave to amend their answer, and they accordingly served an amended answer which set up (in addition to the answer in the Justice's Court), payment of $100 and upwards, and counter-claims amounting to $380.93, and demanded judgment against plaintiff for $450, besides costs. A reply was served to the counter-claims, and the cause was referred for trial. The referee reported that defendants were indebted to plaintiff in the sum of $562, and that under their amended answer they established counter-claims amounting to $459.69, which, deducted from plaintiff's claim, left a balance due plaintiff of $102.31, which, with interest upon it to date of report, amounted to $105.20. By the judgment in the Superior Court the counter-claims of the defendants, set up in their amended answer to the amount of $459.69, were satisfied and canceled, and a recovery for $105.20 in addition was had by the plaintiff. Judgment was entered 19th May, 1886, on the report for $105.20, with interest from date of report, forty-four dollars and eighty-five cents, making $150.05, besides costs.

The court at General Term said : " Upon these facts we think the plaintiff is entitled to costs, for the reason that the counter-claims extinguished and the sum reported in his favor exceed in amount, not only the sum which he offered to accept in satisfaction of the judgment, but also his recovery in the Justice's Court. (Code, § 3070 ; *Tompkins* v. *Ives*, 36 N. Y., 75, and cases there cited by

PORTER, J.) The appellant's counsel contends that the counter claims should not be taken into the account, they having been extinguished, as he claims, by the justice's judgment. In that he is mistaken. Section 2947 of the Code, cited by him, does not apply, for the reason that the amount of the counter-claims is $200 more than the judgment rendered before the justice. (Code, § 2948, sub. 1.) It follows that so far as the order appealed from denies costs to the defendants and holds that the plaintiff is entitled to costs, it is right.

"But, in allowing to the. plaintiff as his costs and disbursements the sum of seventy dollars and twenty-five cents. at which they were taxed by the clerk, *ex parte*, the order is erroneous. Instead of doing that it should have set aside the taxation of the clerk and sent the matter back to him with a direction to retax the plaintiff's costs on notice. The defendants have not been heard before the taxing officer upon the items of the bill. The costs were first taxed *ex parte*, entered in the judgment, and notice of retaxation was then served. Defendants appeared and insisted that the plaintiff was not entitled to costs, but that the clerk should tax costs in favor of the defendants, and they presented their bill for that purpose. The clerk ruled accordingly and taxed defendants' costs, and consequently there was no hearing upon the items of the plaintiff's bill and no occasion to call them in question.

"The order appealed from should be modified in accordance with these views, and as so modified affirmed, without costs of this appeal to either party."

*Frank R. Perkins*, for the appellant.

*Geo. M. Osgood*, for the respondent.

Opinion by SMITH, P. J.; HAIGHT and BRADLEY, JJ., concurred.

Order appealed from modified as indicated in the opinion, and as so modified affirmed, without costs of this appeal to either party.